**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DANA L. McGEE, | : |
| Petitioner, | : Civ. Action No. 17-2746 (RMB) |
| v. | : **MEMORANDUM AND ORDER** |
| STEVEN JOHNSON *et al.*, | : |
| Respondents. | : |

This matter comes before the Court upon Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Pet., ECF No. 1), and his letter request for a stay and abeyance. (Letter, ECF No. 5.) Petitioner seeks a stay and abeyance of his habeas petition while he appeals the denial of his post-conviction motion for DNA testing. (Letter, ECF No. 5.) Respondents' answer to the petition is due on July 31, 2017, and Respondents have not responded to Petitioner's request for a stay. (Order, ECF No. 7.)

A district court cannot consider a mixed habeas petition, a petition that contains exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 510 (1982) (holding a district court must dismiss a § 2254 habeas petition). Rather than dismissing a mixed petition, a district court has discretion to stay and hold the petition in abeyance while the petitioner

returns to state court to exhaust his unexhausted claims. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). Before granting a stay and abeyance, a district court must determine that the petitioner had good cause for failing to exhaust his claims in state court prior to bringing his habeas petition, and that his unexhausted claims are not plainly meritless. Id. at 277.

According to the petition, Petitioner's direct appeal became final on January 17, 2011. (Pet., ¶18.) Three days later, Petitioner filed his first petition for post-conviction relief. (Id.) The denial of Petitioner's first PCR petition became final on September 7, 2016, after the Appellate Division affirmed the PCR Court, and the New Jersey Supreme Court denied review. (Id.) The present habeas petition was filed on April 3, 2017. (Pet., ECF No. 1.) The petition does not indicate when Petitioner filed his second post-conviction motion, although it does indicate that Petitioner's appeal from denial of his motion for post-conviction DNA testing is pending before the Superior Court of New Jersey, Appellate Division. (Pet., ¶15.)

For this Court to grant a request to stay and hold in abeyance a § 2254 petition, the petitioner must establish good cause for failing to exhaust his claims in state court prior to bringing his habeas petition, and that his unexhausted claims are not plainly meritless. Rhines v. Weber, 544 U.S. at 277.

2

The record before this Court does not permit such a finding. Petitioner will be permitted to submit a second request to stay the petition, wherein he shall provide information on the cause for his failure to exhaust before filing the habeas petition, and a brief summary of the merits of his pending PCR claim.

**IT IS** therefore on this **19th** day of **July 2017**,

**ORDERED** that Petitioner's request to stay the habeas petition and hold it in abeyance is DENIED WITHOUT PREJUDICE; and it is further

**ORDERED** that within 30 days of the date of this Order, Petitioner may submit a renewed request to stay his petition and hold it in abeyance pending exhaustion of his state court remedies; and it is further

**ORDERED** that, within fourteen days of the filing of Petitioner's renewed request for a stay, Respondent may, in lieu of its Answer, file a response to Petitioner's renewed request to stay the petition and hold it in abeyance; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge