```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE

DANA McGEE,                    :
                               :     Civ. No. 17-2746 (RMB)
          Petitioner,          :
                               :
     v.                        :           OPINION
                               :
STEVEN JOHNSON, et al.,        :
                               :
          Respondents.         :
```

**BUMB**, District Judge

Petitioner Dana McGee ("McGee"), an inmate confined in New Jersey State Prison in Trenton, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Pet., ECF No. 1.) Respondents filed a motion to dismiss the petition as barred by the statute of limitations and alternatively as a mixed-petition. (Mot. to Dismiss, ECF No. 11.)

On June 9, 2017, McGee filed a letter request for a stay and abeyance, stating that his second PCR proceeding was pending appeal when he filed the present habeas petition. (Letter, ECF No. 5.) This Court denied his request for a stay without prejudice, finding that McGee did not provide sufficient information to show good cause why he did not exhaust his state remedies before bringing the instant habeas petition, nor did he present sufficient information for the Court to conclude that his unexhausted claim

was not plainly meritless. (Memorandum and Order, ECF No. 9.)

McGee filed a second motion for a stay and abeyance on July 26, 2017. (Motion for Stay, ECF No. 10.) McGee also filed a brief in opposition to Respondents' motion to dismiss, noting that although he had received the state court record from Respondents, a copy of Respondents' Certification in Support of the Motion to Dismiss was not contained in the package McGee received from Respondents. (Petr's Reply, ECF No. 12.) Nevertheless, he responded to the timeliness of the petition. For the reasons discussed below, the Court denies Respondents' motion to dismiss and denies McGee's motion for a stay and abeyance.

I. BACKGROUND

On January 18, 2007, after a jury trial in the New Jersey Superior Court Burlington County, Criminal Division, a jury found McGee guilty of three counts of first-degree aggravated sexual assault, six counts of second-degree endangering the welfare of a child, three counts of second-degree sexual assault, and one count of a lesser included offense of offensive touching. (App. Div. Opinion, July 21, 2010, ECF No. 11-9 at 1-2.) McGee was sentenced to an aggregate prison term of sixty-years, subject to the No Early Release Act. (Id. at 2.) An Amended Judgment of Conviction was entered on July 26, 2007. (Amended J&C, ECF No. 11-5.) On September 21, 2007, McGee appealed. (Notice of Appeal, ECF No. 11-6.)

On July 10, 2010, the Appellate Division affirmed on direct appeal. (App. Div. Opinion, July 21, 2010, ECF No. 11-9.) The Appellate Division made the following findings of fact. Between August 2001 and October 30, 2002, the eight-year-old victim was sexually abused by defendant, a live-in boyfriend of her mother. The victim first reported the abuse to her mother on October 30, 2002. The Department of Youth and Family Services became involved, and the victim was referred to Dr. Martin A. Finkel, a professor of pediatrics and medical director of the Child Abuse Research Education and Service (CARES) Institute.

Dr. Finkel interviewed and examined the victim and concluded that although there were no acute or chronic signs of trauma, the victim "had a symptom related to a specific event that reflected trauma to those tissues," and that "superficial [irritation] could easily heal within [twenty-four] hours." He further concluded that the victim experienced trauma to the structures of the vaginal vestibule, consistent with penetration into the vaginal vestibule.

The victim also gave a videotaped statement to Detective Frank Troso. Her description of what happened was similar to what she told Dr. Finkel. Troso testified that the victim described "very, very graphic and detailed accounts of what happened."

After the trial judge ruled that Dr. Finkel's testimony was admissible and jury selection began, McGee requested to represent

himself, and his request was granted. The jury found McGee guilty.

The New Jersey Supreme Court denied McGee's petition for certification on October 21, 2010.[1] (N.J. S. Ct. Order, Oct. 21, 2010, ECF No. 11-13.) McGee filed his first petition for post-conviction relief ("PCR") on January 20, 2011. (Verified Pet., ECF No. 11-14.) On June 22, 2012, the PCR Court denied relief without an evidentiary hearing (PCR Court Opinion, June 22, 2012, ECF No. 11-17.) McGee filed a notice of appeal.[2] (Notice of Appeal, ECF No. 11-18.) The Appellate Division affirmed the PCR Court on May 5, 2015. (App. Div. Opinion, May 5, 2015, ECF No. 11-23.)

One of the issues McGee raised in his first PCR petition was that he was denied effective assistance of trial counsel because his attorney failed to seek discovery of DNA evidence and subpoena witnesses on his behalf. (Id. at 6.) The Appellate Division noted that McGee represented himself at trial, with a public defender serving only as standby counsel. (Id.)

At oral argument, McGee's PCR counsel claimed that DNA

---

[1] The order was signed by the Chief Justice on October 19, 2010, but it was not filed until October 21, 2010. The later date is used in computing the statute of limitations.

[2] There is no indication on the Notice of Appeal of when it was filed. (Notice of Appeal, ECF No. 11-18.) The Appellate Division's Opinion does not indicate when the Notice of Appeal was filed, nor is there any discussion in the Opinion regarding the timeliness of the appeal. Therefore, the Court assumes the appeal was timely.

evidence was obtained from cigarette butts taken from defendant, that defense counsel never received a report of this, and that appellate counsel failed to pursue it on appeal. (Id. at 8.) The Appellate Division found there was no evidence showing any DNA samples were taken from defendant's cigarette butts and no DNA evidence was ever recovered from the victim. (Id. at 9.)

The Appellate Division also found that the record supported the PCR Court's determination that standby defense counsel was not ineffective for failing to subpoena Dr. Brown and Dr. Sheenan[3] for trial. (Id. at 9-10.) Before trial, Dr. Brown and standby counsel agreed that her testimony could be detrimental to defendant's case, but because defendant disagreed, the trial court held a hearing. (Id. at 10.) The trial court then determined that he would not order Dr. Brown to testify. (Id.) Furthermore, it was unclear from the record who Dr. Sheenan was or why he should have been subpoenaed. (Id.)

McGee filed a petition for certification with the New Jersey Supreme Court, which was denied on September 12, 2016. (N.J. S. Ct. Order, Sept. 12, 2016, ECF No. 11-24.)[4] McGee filed a second

---

[3] At various places in the record the witness is identified as "Dr. Sheenan" or "Dr. Sheehan."

[4] Neither the petition, nor Respondent's opposition brief indicate when McGee filed the petition with the New Jersey Supreme Court, and the petition was not provided with the state

PCR petition on November 16, 2016, seeking DNA testing pursuant to N.J.S.A. 2A:84A-32a, and arguing that "stand-by counsel should have subpoenaed Dr. Sheehan to see i[f] she took vaginal cultures or swabs from the victim." (PCR Court Order Denying Petitioner's Second Petition for Post-Conviction Relief and Motion for DNA Testing, ECF No. 11-27 at 1.) The PCR Court denied his second PCR petition on March 23, 2017, finding that McGee raised essentially the same arguments as in his first PCR motion. (Id. at 2.) McGee then filed the present habeas petition on April 13, 2017. (Pet., ECF No. 1.)

## II. DISCUSSION

### A. Respondents assert the petition is time-barred

Respondents contend the petition should be dismissed because it was filed after expiration of the one-year statute of limitations under 28 U.S.C. § 2244(d). (Cert. in Supp. of Mot. to Dismiss, ECF No. 11-1, ¶42.) For the reasons discussed below, this Court disagrees and finds that McGee's habeas petition was timely filed.

#### 1. Legal Standard

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus

---

court record. (Pet., ECF No. 1, Ground Two, ¶¶d, e; Answer, ECF No. 4, ¶¶ 20, 21; Table of Appendix, ECF No. 11-2.)

>by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After a petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. Swartz v. Meyers, 204 F.3d 408, 417 (3d Cir.

2000).

Pursuant to § 2244(d)(2), only a properly filed application for State post-conviction review or other collateral review tolls the habeas statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). An application for PCR is properly-filed when its 'delivery and acceptance are in compliance with the applicable laws and rules governing filings' including 'time limits upon its delivery.'" Id. (quoting Artuz v. Bennett, 531 U.S. 4, 8, 11 (2000)). The tolling provision does not reset the date from which the one-year limitation period begins to run. Johnson v. Hendricks, 314 F.3d 159, 161-62 (3d Cir. 2002) cert. denied, 538 U.S. 1022 (2003).

2. Analysis

   a. Direct Review became final on January 20, 2011

McGee's conviction and sentence were imposed on July 26, 2007. (Amended J&C, ECF No. 11-5.) McGee appealed and the New Jersey Appellate Division affirmed the judgment on July 21, 2010. (App. Div. Opinion, July 21, 2010, ECF No. 11-9.) The New Jersey Supreme Court denied certification on October 21, 2010. (N.J. S. Ct. Order, Oct. 21, 2010, ECF No. 11-13.) McGee did not file a writ of certiorari with the United States Supreme Court within ninety days after the New Jersey Supreme Court denied his petition. McGee's

8

direct review of his conviction became final on January 20, 2011, 90 days after the New Jersey Supreme Court denied his petition for certification on October 21, 2010.[5]

        b. McGee's first PCR proceeding tolled the statute of limitations from January 20, 2011 through September 12, 2016

Respondents contend the statute of limitations ran from June 22, 2012, the date McGee's first PCR was denied by the PCR Court, until November 16, 2016, the date McGee filed his second PCR petition, a period of 1608 days. (Certification, ECF No. 11-1, ¶39.)

McGee filed his first PCR petition on January 20, 2011, tolling the statute of limitations on the same day that his direct review became final. (Verified Pet. for Post-Conviction Relief, ECF No. 11-14.) The PCR Court denied relief on June 22, 2012. (PCR Court Opinion, June 22, 2012, ECF No., 11-17.)

In New Jersey, a petitioner has 45 days to appeal a PCR Court's Order. N.J. Court Rule 2:4-1; Thompson v. Administrator

---

[5] Federal Rule of Civil Procedure 6 describes how to compute any time period in any statute that does not specify a method of computing time. Fed. R. Civ. P. 6(a). In computing time, one should exclude the day of the event that triggers the period; count every day including intermediate Saturdays, Sundays and legal holidays; and include the last day of the period unless it is a Saturday, Sunday or legal holiday, in which case it runs until the next day. Fed. R. Civ. P. 6(a)(1)(A-C).

New Jersey State Prison, 701 F. App'x 118, 123 (3d Cir. 2017). McGee's appeal was due on August 9, 2012.[6] His notice of appeal is undated. (Notice of Appeal, ECF No. 11-18.) Respondents contend it was filed on October 12, 2012, but nothing in the record supports this date.[7]

The Appellate Division denied McGee's appeal on the merits without any discussion of when the notice of appeal was filed or whether it was untimely. (App. Div. Opinion, May 5, 2015, ECF No. 11-23.) The parties' briefs to the Appellate Division do not shed any light on the filing date of the appeal, nor do they discuss the timeliness of the appeal. (Petr's Briefs, ECF No. 11-19, 20, 21; State's Brief, ECF No. 11-22.)

Based on the record, Respondents have not met their burden to show that the notice of appeal was untimely, thus triggering the running of the statute of limitations. Because the notice of appeal was timely filed, the first PCR petition remained pending until

---

[6] Under Federal Rule of Civil Procedure 6(a), the triggering date of June 22, 2012 is not counted in the 45-day period, and 45 days from June 23, 2012 lands on a Saturday, so the due date is extended until Monday August 9, 2012.

[7] Pursuant to Local Civil Rule 7.1(i), Respondent may file a motion for reconsideration within 14 days of this Order, if the Court has overlooked something in the record indicating when the Notice of Appeal was filed. If this is the case, Respondent shall also address the effect of the Appellate Division apparently accepting the appeal as timely.

10

conclusion of review when the New Jersey Supreme Court denied certification on September 12, 2016. See Swartz, 204 F.3d at 420 "[t]olling the period of limitation between the time a state court denies post-conviction relief and the timely appeal . . . is consistent with the plain meaning of the statutory language."

        c.    <u>McGee's second PCR proceeding tolled the statute of limitations from November 16, 2016 through May 8, 2017</u>

Sixty-four days of the one-year statute of limitations period ran between the conclusion of McGee's first PCR proceeding on September 12, 2016, and the date he filed his second PCR petition on November 16, 2016. In his second PCR proceeding, McGee sought DNA testing pursuant to N.J.S.A. 2A:84A-32a, and he argued that "stand-by counsel should have subpoenaed Dr. Sheehan to see i[f] she took vaginal cultures or swabs from the victim." (PCR Court Order Denying Petitioner's Second Petition for Post-Conviction Relief and Motion for DNA Testing, ECF No. 11-27 at 1.)

The PCR Court denied McGee's second PCR petition on March 23, 2017, finding that he raised essentially the same arguments as in his first PCR motion. (Id. at 2.) The PCR Court concluded that McGee failed to satisfy the requirements of N.J. Court Rules 3:22-4(b)(2) and 3:22-5. (Id. at 3.) Under New Jersey law, McGee had 45 days to appeal the denial of his second PCR petition, with the appeal period expiring on May 8, 2017.

New Jersey Court Rule 3:22-4(b)(2) permits a second post-conviction relief petition where the petition is timely and (1) the petition relies on a retroactive new rule of constitutional law that was unavailable during the prior proceedings; (2) the factual predicate for the claim could not have been discovered earlier, and the underlying facts would raise a reasonable probability that relief would be granted or (3) the petition alleges a prima facie case of ineffective assistance of PCR counsel. New Jersey Court Rule 3:22-5, in pertinent part, bars a ground for PCR relief where there has been a prior adjudication of the ground for relief on the merits "in any post-conviction proceeding brought pursuant to this rule."

The New Jersey Supreme Court describes Rules 3:22-4 and 3:22-5 as "procedural bars." See e.g. State v. Preciose, 129 N.J. 451, 477 ("[when appropriate, the procedural bars imposed by Rules 3:22-4, 3:22-5, and 3:22-12 may be asserted to preclude post-conviction relief. . . . However, when meritorious issues are raised . . . our traditions of comprehensive justice will best be served by decisions that reflect thoughtful and thorough consideration and disposition of substantive contentions.") A procedural bar is not a filing requirement that renders a PCR application improperly-filed for purposes of tolling under § 2244(d)(2). See Artuz, 531 U.S. at 9 ("the question whether an application has been 'properly

filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.") Therefore, McGee's timely-filed second PCR petition tolled the statute of limitations on November 16, 2016.

> d. 64 days of the one-year statute of limitations period ran before McGee filed his habeas petition on April 13, 2017.

McGee's first and second PCR petitions were properly filed and pending, tolling the statute of limitations from January 20, 2011 through September 12, 2016, and again from November 16, 2016 through May 8, 2017. Only 64 days of the one-year limitations period ran before McGee filed his habeas petition on April 13, 2017. Therefore, the Court denies Respondents' motion to dismiss.

B. McGee's Motion for Stay and Abeyance

McGee acknowledges that his habeas petition contains both exhausted and unexhausted claims, and seeks to stay this proceeding and hold it in abeyance while he exhausts his state court remedies on his motion for DNA testing. (Mot. for Stay, ECF No. 10, "I wish to stay the proceeding to exhaust post conviction DNA testing action that is pending in state court.") This Court denied McGee's first request for a stay and abeyance because McGee failed to establish good cause for failing to exhaust state court remedies prior to bringing his federal habeas petition and failed to establish that his unexhausted claim is not plainly meritless.

13

(Memorandum and Order, ECF No. 9.)

A district court cannot consider a mixed habeas petition, one that contains exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 510 (1982) (holding a district court must dismiss a § 2254 habeas petition). A district court has discretion to stay and hold the petition in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). However, before granting a stay and abeyance, a district court must determine that the petitioner had good cause for failing to exhaust his claims in state court prior to bringing his habeas petition, and that his unexhausted claims are not plainly meritless. Id. at 277.

McGee has not offered any reason for his failure to exhaust his state court remedies before bringing this federal habeas action. Moreover, he has not made a showing that his unexhausted claim is not plainly meritless.

On March 23, 2017, the PCR Court denied McGee's second PCR petition and his motion for DNA testing. (ECF No. 11-27.)[8] The court noted that McGee made a motion for forensic DNA testing pursuant to N.J.S.A. 2A:84A-32a. (Id. at 2.) N.J.S.A. 2A:84A-32a(d) states that a court "shall not grant the motion for DNA

---

[8] McGee seeks to exhaust only his motion for DNA testing. (Mot. for Stay, ECF No. 10.)

testing unless, after conducting a hearing . . ." certain prima facie showings are made. (Id.) Those showings include that "the evidence to be tested is available and in a condition that would permit the DNA testing that is requested in the motion;" "the identity of the defendant was a significant issue in the case;" and "the evidence sought to be tested is material to the issue of the eligible person's identity as the offender." (Id. citing N.J.S.A. 2A:84A-32a(d)(1), (3), (4)).

The PCR Court found McGee had not made the necessary prima facie showing because the Appellate Division, on direct appeal, "cites to the victim's testimony where the victim identified Petitioner and described what he did to her." (Id. at 3.) Additionally, the Appellate Division, on review of McGee's first PCR proceeding, stated "the record indicates that no DNA evidence was ever recovered from the victim." (Id.) Thus, the PCR Court concluded McGee had not made a prima facie showing that the evidence sought to be tested was material to the issue of the identity of the offender; there was no showing that the identity of the defendant was a significant issue in the case; and the evidence McGee sought to have tested did not exist and was therefore not available. (Id.)

McGee appealed on May 10, 2017. (ECF No. 11-1, ¶48.) The Appellate Division issued a scheduling order for the appeal on

July 26, 2017. (App. Div. Scheduling Order, ECF No. 11-28.)

Even assuming McGee could show good cause for not exhausting his state remedies before bringing the present habeas petition, the Court finds that his pending claim for post-conviction DNA testing is plainly meritless because the evidence sought to be tested was not material to the identity of the offender. The material issue was the credibility of the victim's testimony that defendant, who lived with her, sexually abused her during the period of August 2001 and October 30, 2002. Whether the victim had identified the correct person was not a material issue. Additionally, as the PCR Court noted, no DNA evidence was ever recovered from the victim or from McGee.

Therefore, the Court denies McGee's motion for a stay and abeyance because his unexhausted claim is plainly meritless. The Court will proceed on the merits of McGee's exhausted claims upon receipt of Respondents' Answer and McGee's reply.

IV. CONCLUSION

In the accompanying Order filed herewith, the Court denies Respondents' motion to dismiss and denies McGee's motion for a stay and abeyance. Respondents must file a full answer to the exhausted claims in the petition, and McGee may file a reply.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: January 26, 2018